NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

NO. 29832

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KENNETH HOPKINS, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 08-1-0052; CRIMINAL NO. 97-1236)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Foley and Leonard, JJ.)

Petitioner-Appellant Kenneth Hopkins (**Hopkins**) appeals the Order Dismissing and Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody, filed on May 6, 2009, in the Circuit Court of the First Circuit (**Circuit Court**).[1/]

On May 27, 1997, Hopkins was charged with Theft in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) §§ 708-830.5(1)(a) (1993) and 708-830 (1993), Computer Fraud, in violation of HRS § 708-891(1)(b) (1993), and Money Laundering, in violation of HRS §§ 708A-3(a)(1)(A) (Supp. 1996) and 708A-3(d)(2) and (e) (Supp. 1996).

On July 7, 2004, a change of plea hearing was held before the Circuit Court and Hopkins entered a no contest plea to the charges.  On September 28, 2004, a Judgment was entered. Hopkins was found guilty of the charges and sentenced to five years of probation for each count, to be served concurrently, along with a free-standing order for restitution in the amount of $35,725.56.  In the special terms and conditions of probation, Hopkins was required, *inter alia*, to pay at least $200 per month in restitution.  On December 4, 2004, the Circuit Court entered

---

[1/]    The Honorable Karen S.S. Ahn presided.

the separate order of restitution, which ordered Hopkins to pay $35,725.56 in restitution.[2/]

At an April 12, 2007 hearing on a motion for revocation of probation and resentencing, the Circuit Court resentenced Hopkins to ten years of incarceration each for Theft in the First Degree and Money Laundering, and five years of incarceration for Computer Fraud, terms to run concurrently. As part of the resentencing, Hopkins was ordered to pay 10% of his gross prison wages towards the restitution amount of $35,725.56 while he is incarcerated and at least $200 per month upon his release.

On May 23, 2008, Hopkins filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody (**First Petition**), pursuant to Rule 40 of the Hawaii Rules of Penal Procedure (**HRPP**). On August 29, 2008, the Circuit Court entered an order denying the post-conviction relief sought in the First Petition. The Circuit Court's order denying the First Petition was affirmed in part and vacated in part by this court in Appeal No. 29816.

On December 8, 2008, Hopkins filed a Motion to Vacate Illegally Imposed Terms of Statute. Hopkins claimed that his sentence was illegal pursuant to HRS §§ 706-644, 706-646, and 706-647 because those statutes were applied retroactively. Hopkins claimed that the statute allowing imposition of free-standing order of restitution was amended in 1998, one year after he was charged in Cr. No. 97-1236. Therefore, Hopkins argued that a free-standing order may not be imposed upon him because his case was initiated prior to the effective date of changes to the enabling statutes. The Circuit Court deemed Hopkins's motion a non-conforming petition for post-conviction relief and ordered Hopkins to file a supplemental petition that conformed to HRPP Rule 40. On January 26, 2009, Hopkins filed a Petition to

---

[2/]    The Honorable Karl K. Sakamoto presided over the 2004 proceedings in the underlying criminal case.

Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody (**Second Petition**). Hopkins again claimed that his probationary terms were improper because the statutory amendments were applied retroactively to him and that a free-standing order for restitution could not be imposed as part of his sentence.

On May 6, 2009, the Circuit Court issued an Order Dismissing and Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody which denied the Second Petition without a hearing. Hopkins timely filed this appeal.

On appeal, Hopkins contends that imposition of a free-standing order for restitution was improper. Hopkins further contends that under HRS § 706-644 he should receive a credit of $25 per day towards payment of restitution for each day of imprisonment. Hopkins did not raise the daily credit issue in the Second Petition.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hopkins's points of error as follows:

The Circuit Court did not err by sentencing Hopkins to pay restitution. Contrary to Hopkins's claim, he was not ordered to pay restitution pursuant to HRS §§ 706-644(4) or 706-644(5), as amended in 1998, but rather HRS § 706-605(1)(d) (1997). <u>See</u> <u>State v. Yamamoto</u>, 79 Hawai'i 511, 904 P.2d 525 (1995) (a free-standing sanction ordering a defendant to pay restitution may be imposed upon a defendant) (citing <u>State v. Gaylord</u>, 78 Hawai'i 127, 154, 890 P.2d 1167, 1194 (1995)).

Hopkins's claim that he did not receive $25 credit per day toward restitution for each day of incarceration was not raised in his Second Petition. Accordingly, we do not reach this issue on this appeal. <u>See</u> HRAP 28(b)(4). We note, however, that the statute relied upon by Hopkins may not be applicable to this

case.[3] Indeed, even if this contention were meritorious, it appears that the issue may have been raised prematurely. For these reasons, Hopkins's second point of error is dismissed without prejudice.

Accordingly, the Circuit Court's May 6, 2009 Order Dismissing and Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody is affirmed.

DATED: Honolulu, Hawai'i, April 29, 2010.

On the briefs:

Kenneth Hopkins
Pro Se Petitioner-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

---

[3] Hopkins relies on HRS § 706-644 (1993), which includes:

(3) The term of imprisonment for nonpayment of fine or restitution shall be specified in the order of commitment, and shall not exceed one day for each $25 of the fine, thirty days if the fine was imposed upon conviction of a violation or a petty misdemeanor, or one year in any other case, whichever is the shorter period. *A person committed for nonpayment of a fine or restitution shall be given credit toward payment for each day of imprisonment, at the rate of $25 per day.*

(Emphasis added.)

4